## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Joseph McClure,
      Petitioner,

vs.

Case No. 1:08cv144
(Spiegel, S.J.; Black, M.J.)

Warden, Warren Correctional
Institution,
      Respondent.

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Doc. 2). This matter is before the Court on respondent's motion to dismiss filed June 30, 2008 (Doc. 9), which petitioner has not opposed.

### Procedural Background

On June 10, 2003, the Hamilton County grand jury returned an indictment in Case No. B0305131 charging petitioner with one count of tampering with evidence in violation of Ohio Rev. Code § 2921.12(A)(1) and one count of possession of cocaine in violation of Ohio Rev. Code § 2925.11(A). (Doc. 9, Ex. 1). Three months later, on September 4, 2003, the grand jury returned a second indictment in Case No. B0308213 additionally charging petitioner with one count of trafficking in heroin in violation of Ohio Rev. Code § 2925.03(A)(2) and one count of possession of heroin in violation of Ohio Rev. Code § 2925.11(A). (*Id.,* Ex. 2).

On January 21, 2004, petitioner entered guilty pleas in both cases. In Case

No. B0305131, he pleaded guilty to tampering with evidence in exchange for the dismissal of the cocaine possession charge. (*See id.*, Exs. 5-6). In Case No. B0308213, he pleaded guilty to trafficking in heroin in exchange for the dismissal of the heroin possession count. (*See id.*, Exs. 7-8).

The written plea agreements, signed by petitioner and counsel for both parties, provided that petitioner faced a potential prison sentence of one to five years for tampering with evidence, as well as for trafficking in heroin. (*Id.*, Exs. 5, 7). Moreover, each plea agreement contained the following statements executed by petitioner:

> *If I am currently on felony probation or parole, this plea may result in revocation proceedings and any new sentence could be imposed consecutively.*
>
> \*\*\*\*
>
> If I am granted community control at any point in my sentence and if I violate any of the conditions imposed, I may be given a longer period under court control, greater restrictions, or a prison term from the basic range. . . .

(*Id.*) (emphasis added).

In addition, at the plea hearing held on January 21, 2004, the following discussion transpired between the parties regarding sentencing:

> [PROSECUTOR]: Our plea offer was to no objections to the case being run concurrent, Judge, on sentencing; *but that's not on the table after today.*
>
> [DEFENSE COUNSEL]: That's what I informed Mr. McClure. I tried to tell him what to anticipate -- plea offer. He may have some questions about executing the plea, what the Court might do with sentencing, whatever. You can tell him.
>
> THE COURT: Well, we discussed sentencing as to the State's position. They want at least two years run concurrently. I indicated

to your attorney that I would do something less than two years
because of your age. These are felony 3s at this point. I would
impose a sentence of 18 months. So, that's a year and a half, that's up
to you.

(*Id.,* Ex. 12, Tr. 3-4) (emphasis added). Later in the hearing, defense counsel
asked the trial judge if he would consider evaluating petitioner for placement in a
treatment program in lieu of a prison sentence; the court responded: "I would
consider evaluation, yeah." (*Id.,* Tr. 5).

A sentencing hearing was subsequently held on February 9, 2004. (*Id.,* Tr.
6). At that hearing, the prosecutor again requested that a two-year prison sentence
be imposed, which led to the following discussion between the court and
petitioner:

THE COURT: Well, two years would be kind of light, to be honest.
Do you want to do your time now or do you want to take a shot at
River City [drug treatment program]?

DEFENDANT: Take shot at River City.

THE COURT: I can give you two years today. If you want to go to
River City, and you goof it up, you will be doing four years. Do you
understand that?

DEFENDANT: Yes.

THE COURT: This is your last chance. . . . On each case, I will
impose four years Community Control sentence on the condition you
complete the River-City treatment program and after-care. . . . *Now,
if you violate, you are going up for four years on each charge.* Do
you understand that?

DEFENDANT: Yes.

(*Id.,* Tr. 8-9) (emphasis added).

In separate entries filed February 24, 2004, petitioner was sentenced in both cases to four years of community control supervision. (*Id.*, Exs. 9-10). Each entry contained a provision explicitly notifying petitioner "that if he . . . violates the terms and conditions of community control, the court would impose a prison sentence of four (4) years in the Department of Corrections." (*See id.*).

On September 2, 2004, a community control sanction violation was filed with the Hamilton County Common Pleas Court, charging petitioner with violating the following conditions of his Community Control:

> . . . .He failed to complete the aftercare program [at River City Correctional Center] due to his lack of attendance.
>
> On 8/9/04, the probationer was charged with five counts of Felonious Assault. He was indicted for two counts on 8/19/04, B0474801. . . .

(*Id.*, Ex. 11).

Thereafter, a probation violation hearing was held on November 17, 2004 in Case Nos. B0305131 and B0308213. (*See id.*, Ex. 12, Tr. 10). Petitioner entered a "no contest" plea to the charge of "failure to report to complete the program as directed" and requested a hearing on "mitigating circumstances." (*Id.*). After hearing arguments for mitigation presented by defense counsel and petitioner, the court stated: "I told him he's going up for four years. I will impose four years." (*Id.*, Tr. 15).

At that point in the proceeding, petitioner ran from the courtroom; he was later found and escorted back to the court by deputy sheriffs. (*Id.*). The following colloquy ensued:

> THE COURT: All right. Now, since you've taken it upon yourself to show us what kind of –
>
> DEFENDANT: Sorry. . . .
>
> THE COURT: – we will run the sentences consecutive with each other. You will be doing eight years instead of four years. . . .

(*Id.*).

In separate entries filed November 17, 2004 in Case Nos. B0305131 and B0308213, the court revoked "the community control heretofore granted to Defendant" and sentenced petitioner to consecutive four-year prison terms totaling eight years for the tampering with evidence and trafficking offenses. (*See id.,* Exs. 13-14).

Apparently, with the assistance of new counsel, petitioner filed motions for delayed appeal to the Ohio Court of Appeals, First Appellate District, which were granted. (*See id.,* Brief, p. 6). In the appeals, which were consolidated (*id.,* Ex. 15), petitioner presented two assignments of error:

> 1. The trial court erred as a matter of law by sentencing the defendant to consecutive terms of imprisonment after a community control violation, where the court did not advise the defendant that consecutive terms would be imposed at the time of the initial sentencing.
>
> 2. The trial court abused its discretion by imposing consecutive sentences upon the defendant when such consecutive sentences were not supported by the record.

(*Id.,* Ex. 16).

On October 18, 2006, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 18). Specifically, the court ruled as follows:

> . . . .First, McClure argues that the trial court erred in imposing consecutive terms of incarceration, where the court failed to inform him that consecutive terms would be imposed for a community-control violation.
>
> "Pursuant to R.C. 2929.19(B)(5) and R.C. 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.["]

In this case, after imposing community control, the trial court personally informed McClure that he would be serving a four-year term on **each** charge if he violated his community-control. The trial court did not use the word "consecutive," but we hold that the court's use of the phrase "four years on each charge" was sufficient notice of the possibility of consecutive terms. Thus, the court did not err in imposing consecutive terms of incarceration on that basis. The first assignment of error is overruled.

In his second assignment of error, McClure argues that the trial court abused its discretion by imposing consecutive terms of incarceration, where consecutive terms were not supported by the record. This argument is meritless.

As noted by the trial court, McClure had a long criminal history including drug and firearm convictions. Additionally, he had previously served a prison term. The trial court imposed consecutive terms only after McClure tried to escape from the courtroom. Under these facts, we hold that the trial court did not err in imposing consecutive terms of incarceration. The second assignment of error is overruled.

(*Id.,* pp. 2-3) (footnote citation omitted) (emphasis in original).

Petitioner filed a *pro se* appeal from this decision to the Supreme Court of Ohio, asserting as propositions of law the same two claims of error that he had raised on direct appeal. (*Id.,* Ex. 19).[1] On February 28, 2007, the Supreme Court of Ohio declined jurisdiction to hear the case and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 20).

---

[1] It is noted, however, that petitioner made an additional general statement in the opening section of his memorandum in support of jurisdiction to the state supreme court, which was **not** asserted on direct appeal to the Ohio Court of Appeals, that "[a]s this Court resolved in *State v. Foster,* [845 N.E.2d 470 (Ohio 2006)], consecutive sentences violate[] the Sixth Amendment pursuant [to] *Blakely v. Washington* [542 U.S. 296 (2004)], with-out input f[ro]m a jury, unless admitted to by defendant." (Doc. 9, Ex. 19, p. 2).

Petitioner next commenced the instant federal habeas corpus action in March 2008. He alleges as grounds for relief the same two claims that he raised on appeal in the state courts. (Doc. 2, pp. 6-8).

In response to the petition, respondent has filed a motion to dismiss. (Doc. 9). Respondent contends that the petition is subject to dismissal with prejudice because petitioner's claims for relief involve "issues of state law that are not cognizable for habeas corpus review and were not 'fairly presented' as federal constitutional issues in the state courts." (*Id.*, p. 8). Petitioner has not opposed the motion.

## OPINION

### Petitioner's Claims Of Sentencing Error Under Ohio Law Are Not Cognizable, And Petitioner Has Waived Any Federal Constitutional Claim Due to His Procedural Default In The State Courts

In Ground One of the petition, petitioner alleges that the trial court erred in imposing consecutive sentences when it revoked petitioner's community control because, in violation of Ohio law, the court did not advise petitioner when he was initially sentenced to community control sanctions that consecutive terms would be imposed upon the revocation of community control. (Doc. 2, pp. 7-8). In Ground Two of the petition, petitioner further alleges that the trial court abused its discretion in imposing the consecutive terms of imprisonment in the absence of record support. (*Id.*, p. 6).

As an initial matter, to the extent petitioner contends he is entitled to federal habeas relief because the trial court committed errors under Ohio law in imposing the consecutive prison terms, his claims for relief are not cognizable. Because a federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law," this Court is precluded from reviewing petitioner's claims of state-law sentencing error. *See* 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").

The Court is not precluded from reviewing petitioner's claims to the extent petitioner alleges that the trial court committed errors under state law which amounted to federal due process violations. Respondent argues, however, that petitioner has waived any such claim here because he did not allege that his federal constitutional rights were infringed on appeal in the state courts. (Doc. 9, pp. 11-12). Respondent's argument has merit.

In recognition of the equal obligation of state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts before raising them in a federal habeas corpus action. 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If he fails to do so, he may have waived the claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

It is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987). This means the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law. *Franklin,* 811 F.2d at 325 (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987). A claim will be considered "fairly presented" without citation to chapter and verse of the Constitution only if the presentation of the claim was "likely to alert the court to the claim's federal nature." *Nadworny v. Fair,* 872 F.2d 1093, 1097 (1st Cir. 1989) (quoting *Daye v. Attorney General of New York,* 696 F.2d 186, 192 (2nd Cir. 1982) (en banc)).

8

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the court of the claim's federal nature. *Id.* Under these guidelines, a petitioner may fairly present to the state courts the constitutional nature of his claim by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans,* 228 F.3d at 681; *Franklin,* 811 F.2d at 326 (quoting *Daye,* 696 F.2d at 193-94).

The use of a "generalized catch-all phrase," which merely alleges the denial of a fair trial under the United States Constitution, does not adequately alert the state courts of the constitutional nature of the claim where the "only legal theory presented to the state courts was predicated entirely upon state evidentiary law." *Franklin,* 811 F.2d at 326. General statements that the petitioner was denied a "fair trial" and "due process" are not sufficient to put state courts on notice of a specific federal constitutional claim in the absence of citation to case law employing federal constitutional analysis. *Petrucelli v. Coombe,* 735 F.2d 684, 688-89 (2nd Cir. 1984).

In this case, it is clear from the record that petitioner failed to fairly present to the state appellate courts any federal due process claim stemming from the sentencing errors alleged as grounds for relief in the instant petition. In both his brief on appeal to the Ohio Court of Appeals and his memorandum in support of jurisdiction to the Supreme Court of Ohio, petitioner relied solely on state statutory sentencing provisions and state case-law in arguing that the imposition of consecutive prison terms was improper. (*See* Doc. 9, Ex. 16, pp. 3-5; Ex. 19, pp. 3-5). Indeed, he did not even mention in general terms that due process or fair trial concerns were triggered when the court decided to impose consecutive rather than concurrent terms of imprisonment for the two separate offenses after petitioner attempted to escape from the courtroom.[2]

---

[2] It is conceded that petitioner referred in his appellate briefs to the Supreme Court of Ohio's decision in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), which held certain presumptive sentencing provisions contained in Ohio's sentencing statute were unconstitutional under *Blakely v. Washington,* 542 U.S. 296 (2004). (*Id.,* Ex. 16, p. 5; Ex. 19, p. 5). However, petitioner did not cite *Foster* for its constitutional holding, but rather to argue that *Foster* had not changed the duty still retained by the courts to consider statutory aggravating and mitigating circumstances in determining a defendant's sentence. (*See id.*).

Although the opening section of petitioner's memorandum in support of jurisdiction to the state supreme court contained the statement that "consecutive sentences violate[] the Sixth Amendment," no such claim of a Sixth Amendment violation was asserted by petitioner in either of his propositions of law. (*See id.,* Ex. 19, p. 2). Moreover, even if such statement were deemed sufficient to constitute the fair presentation of a constitutional claim to the state supreme court, petitioner committed a procedural default by failing to raise the Sixth Amendment issue on direct appeal to the Ohio Court of Appeals. *See Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985); *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983).[3]

Therefore, the undersigned concludes that the only legal theories presented to and considered by the state appellate courts in this case were predicated entirely on state law.[4] By thus failing to provide the Ohio courts with an opportunity to correct any error of constitutional dimension which may have arisen from the trial court's challenged sentencing determination, petitioner has waived his claims for federal habeas relief in the absence of any showing by him of "cause" for his defaults and actual prejudice as a result of the alleged errors, or that failure to

---

[3] In any event, contrary to petitioner's contention in the jurisdictional memorandum, it appears that consecutive sentences are no longer subject to attack under the Sixth Amendment based on *Blakely*. Recently, on January 14, 2009, the Supreme Court issued a decision upholding the constitutionality of a state sentencing statute which constrained the trial court's discretion by requiring it to find certain facts before imposing consecutive, rather than concurrent, sentences. *Oregon v. Ice.* 129 S.Ct. 711, No. 07-901, 2009 WL 77896, at *3 (U.S. Jan. 14, 2009) (to be published). Although the *Foster* court held a similar provision in Ohio's sentencing statute was *Blakely*-offending, *see id.* at *5 n.7, it now appears that in light of this recent Supreme Court precedent, no Sixth Amendment concerns are triggered with respect to consecutive sentencing decisions. *See id.* at *6-8.

[4] A state appellate court deciding whether a trial court abused its discretion or otherwise committed prejudicial error under state law faces a different legal question than a state court deciding whether such error amounted to a constitutional due process violation. *Petrucelli*, 735 F.2d at 690 (citing *Steele v. Taylor,* 684 F.2d 1193, 1206 (6th Cir. 1982), *cert. denied*, 460 U.S. 1053 (1983)). In this case, the Ohio Court of Appeals was the only state appellate court that issued a reasoned decision addressing petitioner's claims on the merits. Because the court was not made aware of any constitutional concerns, it addressed and determined the issues as argued by petitioner, solely in terms of state law, in concluding that the trial court did not abuse its discretion or err as a matter of state law in sentencing petitioner to the consecutive four-year prison terms upon the revocation of community control sanctions. (*See* Doc. 9, Ex. 18).

consider the constitutional claims will result in a "fundamental miscarriage of justice." *See Coleman.* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Accordingly, in sum, the undersigned concludes, as respondent has argued in the motion to dismiss, that petitioner is not entitled to habeas corpus relief based on the claims alleged in the petition challenging the imposition of consecutive sentences upon the revocation of petitioner's community control sanctions, because: (1) to the extent petitioner alleges the trial court erred under state law, his claims are not cognizable in this federal habeas proceeding; and (2) petitioner has waived any claim of federal constitutional error due to his procedural default in failing to fairly present the federal issues to the state courts.[5] Therefore, respondent's motion to dismiss (Doc. 9) should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition (Doc. 9) be **GRANTED,** and petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's two claims alleged as grounds for relief in the instant petition. Specifically, a certificate of appealability should not issue to the extent petitioner alleges claims of error under state law, because petitioner has failed to make a substantial showing of the denial of a constitutional right based on such claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). In addition. a certificate of appealability

---

[5] Even assuming. *arguendo,* petitioner "fairly presented" the sentencing-error claims alleged as grounds for relief as federal constitutional issues to the Ohio courts. such claims lack merit. Here. it is clear from the plea entry that petitioner was advised and stated he understood that the revocation of probation (i.e.. community control) could result in the imposition of consecutive sentences. (*See id..* Exs. 5. 7). In any event. it is clear from the record that the trial court planned to impose concurrent four-year prison terms upon the revocation of community control in accordance with statements made at petitioner's initial sentencing hearing. (*See id.,* Ex. 12, Tr. 8-9, 15). The court decided to impose the consecutive sentences only after petitioner tried to escape the courtroom. (*See id.,* Tr. 15). The decision to do so was reasonable in light of the change in circumstances created by petitioner's own actions.

should not issue to the extent this Court has concluded any federal constitutional claim is barred from review on procedural waiver grounds; under the first prong of the two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[6]

    3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949. 952 (6th Cir. 1997).

Date: _2/4/09_

   cbc

_Timothy S. Back_
Timothy S. Black
United States Magistrate Judge

K:\BRYANCC\2009 habeas orders\08-144grant-MTD wav-fedQ-SentencingError

---

[6] Because this Court finds that the first prong of the two-part *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim for relief in Grounds One or Two of the petition. *See Slack*, 529 U.S. at 484. As noted above, however, *see supra* p. 11 n.5, petitioner's claims for relief are clearly lacking in merit.

Joseph McClure,
    Petitioner

         vs                       Case No. 1:08cv144
                               (Spiegel, S.J.; Black, M.J.)

Warden, Warren Correctional
Institution,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.  Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).