UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH MCCLURE,  :
 : NO. 1:08-CV-00144
    Petitioner, :
 :
 :
  v. : **OPINION AND ORDER**
 :
 :
WARDEN, WARREN CORRECTIONAL :
INSTITUTION, :
 :
    Respondent.

This matter is before the Court on the Report and Recommendation in which the assigned Magistrate Judge recommended that Respondent's Motion to Dismiss be granted (doc. 11). For the reasons indicated herein, the Court ADOPTS the Magistrate Judge's Report and Recommendation in its entirety.

On March 3, 2008, pro se Petitioner Joseph McClure, an inmate at the Warren Correctional Institution in Lebanon, Ohio, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Id.). Petitioner pled two grounds for relief: (1) the trial court erred as a matter of law by sentencing the defendant to consecutive terms of imprisonment after a community control violation, where the court did not advise the defendant that consecutive terms would be imposed at the time of the initial sentencing; and (2) the trial court abused its discretion by imposing consecutive sentences upon the defendant when such

consecutive sentences were not supported by the record (doc. 2). Thereafter, Respondent filed a motion to dismiss, arguing that the Petition is subject to dismissal with prejudice because Petitioner's claims for relief involve "issues of state law that are not cognizable for habeas corpus review and were not 'fairly presented' as federal constitutional issues in state courts" (doc. 9). Petitioner did not respond to Respondent's motion.

In the Report and Recommendation, after reviewing the procedural history and relevant case law, the Magistrate Judge concluded that Petitioner's claims of sentencing error under Ohio law are not cognizable, and Petitioner has waived any federal constitutional claim due to his procedural default in the state courts (doc. 11). As an initial matter, the Magistrate Judge found that to the extent Petitioner contends he is entitled to federal habeas relief because the trial court committed errors under Ohio law in imposing consecutive prison terms, his claims for relief are not cognizable because a federal court is precluded from re-examining state-court determinations on state-law questions (Id., citing 28 U.S.C. § 2254(a); Pulley v. Harris, 465 U.S. 37, 41 (1984)). The Magistrate Judge then noted that while the court is not precluded from reviewing Petitioner's claims to the extent he alleges that the trial court committed errors under state law which amounted to federal due process violations, Respondent is correct that Petitioner has waived any such claim here because he did not

allege that his federal constitutional rights were infringed on appeal in the state courts (Id., citing among others 28 U.S.C. § 2254(b),(c); Anderson v. Harless, 459 U.S. 4, 6 (1982)). The Court, having fully considered this matter, finds the Magistrate Judge's Report and Recommendation well-reasoned, thorough, and correct.

The parties were served with the Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal. See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). Neither party filed any objections thereto within the ten days provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).

Having reviewed this matter de novo pursuant to 28 U.S.C. § 636(b), the COURT ADOPTS the Magistrate Judge's Report and Recommendation (doc. 11) in its entirety, and therefore GRANTS Respondent's Motion to Dismiss (doc. 9), and DENIES Petitioner's Petition for Writ of Habeas Corpus (doc. 2). Because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural findings", and because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on his allegations of error under state

law, the Court DOES NOT issue a certificate of appealability in this case. Finally, the Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in "good faith" and therefore DENIES Petitioner leave to appeal <u>in forma pauperis</u> upon a showing of financial necessity.

        SO ORDERED.


Dated: March 2, 2009              <u>/s/ S. Arthur Spiegel</u>
                                          S. Arthur Spiegel
                                          United States Senior District Judge